# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * *
MICHELLE BARNETT,                        *
                                         *
           Petitioner,                   *     No. 19-1578V
                                         *     Special Master Christian J.
                                         *     Moran
v.                                       *
                                         *     Filed: September 2, 2022
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
           Respondent.                   *
* * * * * * * * * * * * * * * * * * * * * * *

Brian L. Cinelli, Schiffmacher Cinelli Adoff LLP, Buffalo, NY, for petitioner;
Lauren Kells, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Michelle Barnett alleged that the influenza ("flu") vaccine she received on October 14, 2016, caused her to develop transverse myelitis ("TM"). Pet., filed Oct. 10, 2019, at ¶¶ 1, 3, 11. On August 31, 2022, Ms. Barnett moved for a decision dismissing her petition.

### I.  Procedural History

Michelle Barnett ("petitioner") filed her petition on October 10, 2019. After petitioner filed her initial medical records, the Secretary filed his Rule 4(c) report on September 22, 2020, contesting entitlement. A status conference was then held on September 30, 2020, during which onset and diagnostic disputes were identified. Petitioner was then ordered to file an onset affidavit, as well as

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

employment records and affidavits from any other individuals that may have knowledge of the relevant events. Order, issued Oct. 1, 2020.

On November 16, 2020, petitioner filed her onset affidavit, affidavits from two other individuals, and additional records and receipts. She continued to file updated medical records through December 2020. She filed her employment records on March 15, 2021.

After the additional records were filed, the undersigned issued an order with a list of detailed questions for the parties to answer. Order, issued Mar. 23, 2021. The March 23, 2021 order required petitioner and respondent to submit their statements regarding onset by addressing the questions posed. Id.

A status conference was held on June 9, 2021, to discuss the parties' onset statements. After some discussion, the parties agreed to coordinate for potential testimony from Dr. Hernandez, one of petitioner's treaters. Respondent filed an amended statement regarding onset on June 23, 2021. During the subsequent status conference on July 7, 2021, a one-day hearing was scheduled for September 24, 2021.

A hearing was held on September 24, 2021, primarily for the purposes of fact finding. At the hearing, testimony was elicited from Ms. Barnett, her husband, her brother, her mother, and Dr. Hernandez.

On December 10, 2021, the undersigned issued his findings of fact regarding onset. The parties had disputed when petitioner started and stopped having headaches, and she started to experience numbness. The undersigned found that preponderant evidence supported the findings that Ms. Barnett's headaches started on October 22, 2016 and stopped on January 1, 2017, and that her numbness began on March 1, 2017. Barnett v. Sec'y of Health & Hum. Servs., No. 19-1578, 2021 WL 6211590 (Fed. Cl. Spec. Mstr. Dec. 10, 2021).

A status conference was held on January 5, 2022 to discuss next steps. Petitioner proposed retaining an expert to provide an opinion on causation. Order, issued Jan. 6, 2022. Petitioner was reminded that her expert would need to adhere to the facts established in the findings of fact. Petitioner sought and received three extensions of time to file an expert report. On August 4, 2022, petitioner filed a status report stating she has been unable to locate an expert or treating physician willing to draft a report under the onset parameters established in the findings of

fact. During the next status conference, on August 17, 2022, petitioner indicated she would file a motion to dismiss.

On August 31, 2022, petitioner moved for a decision dismissing her petition, stating she intends "to protect [her] rights to file a civil action in the future." Pet'rs' Mot., filed Aug. 31, 2022, ¶ 5. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records and offered testimony in support of her claim, but nonetheless, wishes to have her claim dismissed and judgment entered against her. Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting her right to file a civil action in the future. See Pet'rs' Mot., filed Aug. 31, 2022, ¶ 5.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that petitioner suffered from an injury that developed within a time for which an inference of causation is appropriate. See Bazan v. Sec'y of Health & Hum. Servs., 539 F.3d 1347 (Fed. Cir. 2008).

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

                                                            <u>s/Christian J. Moran</u>
                                                            Christian J. Moran
                                                            Special Master